UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Marcella Richardson, on behalf of minor children R R, I R, R R & M B | Civil Action No. 6:16-cv-1469 |
| versus | Judge Rebecca F. Doherty |
| Citi Trends, Inc., et al. | Magistrate Judge Carol B. Whitehurst |

### Report and Recommendation

Before the Court is an unopposed[1] Motion To Dismiss filed by Defendants Citi Trends, Inc. and Constitution State Services L.L.C. ("Defendants").  (Doc. 5.)  For the following reasons, the undersigned recommends that this motion be granted.

In her Petition for Damages, Plaintiff Marcella Richardson ("Richardson") alleges that on September 13, 2015, she slipped and fell at an apparel and clothing business operated by Citi Trends.  (Doc. 1-2 at pp. 3-4.)  Richardson claims that she fractured her ankle as a result of the fall, which required surgery.  (Doc. 1-2 at p. 4.)  In "appearing as tutrix on behalf of [her four] minor children," Richardson asserts claims on behalf of them for loss of consortium.  (Doc. 1-2 at pp. 5-6.)  Defendants contend in their motion to dismiss that Richardson lacks the capacity to sue and assert

---

[1] Under Local Rule 7.5, a party's failure to file a response to a motion within twenty-one  days is construed as non-opposition to the motion.  Any opposition to Defendants' motion was due by November 15, 2016.

a loss-of-consortium claim on behalf of her purported minor children. (Doc. 5-1 at pp. 2-3.)

Pursuant to Federal Rules of Civil Procedure 17(b) and (c), the capacity to sue on behalf of another is determined by the law of the state in which the district court is located. *See Rice ex rel. v. Cornerstone Hosp. of West Monroe, LLC*, 589 F. App'x 688, 690 (5th Cir. 2014). Louisiana Code of Civil Procedure Article 4061.1 sets forth the proper party to assert or defend the interests of a minor and provides as follows:

> A. Notwithstanding Article 4061, the natural tutor of a minor child may file an action for damages based on a delictual obligation without the necessity of qualifying as tutor pursuant to Article 4061 and without the necessity of filing a petition pursuant to Article 4031, if the natural tutor is any of the following:
>
> > (1) The surviving parent of the minor child.
> >
> > (2) The parent under whose sole care the minor child has been placed when the parents are divorced or judicially separated from bed and board.
> >
> > (3) The mother of her child born outside of marriage not acknowledged by the father, or acknowledged by him alone without her concurrence.
>
> B. The petitioner in an action for damages based on a delictual obligation shall allege in the petition that he qualifies under Paragraph A of this Article to act of right as tutor, and the petitioner shall set forth the facts, including the relationship to the minor child, entitling the petitioner to act as tutor.

  C. This Article shall not apply to parents who share joint custody of the minor child or to parents who have both acknowledged their child born outside of marriage pursuant to the Civil Code.

Richardson's Petition for Damages fails to include any allegations required by La. Code Civ. P. 4061.1 to show that Richardson has the legal capacity to sue and assert a loss-of-consortium claim on behalf of her four minor children. Accordingly, the undersigned RECOMMENDS that Defendants' unopposed Motion To Dismiss be GRANTED and that the claims asserted by Richardson on behalf of her four minor children be DISMISSED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 29th day of December, 2016.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE